## Staunton

JOHN H. HAILMAN v. FAIRFAX COUNTY POLICE PENSION BOARD, ET. AL.

September 4, 1956.

Record No. 4566.

Present, All the Justices.

The opinion states the case.

*Burch Millsap* (*Gibson & Hix*, on brief), for the plaintiff in error.

*John Thorp Richards* (*Robert C. Fitzgerald, Andrew W. Clarke*, on brief), for the defendant in error.

MILLER, J., delivered the opinion of the court.

John H. Hailman made written application to the Fairfax County Police Pension Board for pension and retirement from active duty as a county policeman. He asserted that he was suffering from an occupationally induced disability that rendered him incapable of performing his duties and asked for retirement from service and pension

benefits under the provisions of Chapter 303, Acts 1944,[1] hereinafter called the Pension Act, the pertinent parts of which are copied below.[2]

Hailman was examined by several physicians and upon their reports and other evidence, the board concluded that he was "able to perform some duty in the Police Department and that he be denied any retirement at this time." Claimant appealed from the board's decision and filed his petition in the circuit court against the pension board. He asserted that he had been a member of the county police force for twelve years and contributed to its retirement and pension system for eleven years; that he was suffering from chronic glaucoma in both eyes induced by occupational duties, and that he was unable to perform his work as a police officer because of the malady. He prayed that the court decree him retirement "on account of disabilities resulting from activities in discharge of official duties" allowed by § 8 of the Pension Act, or in the alternative, decree that he "be retired for disability from natural causes not originating in performance

---

[1] Chapter 303, page 437, Acts 1944, is a special act that does not appear in the Code of 1950.

[2] Section 2. The general powers, authority and duties of any such policemen's pension and retirement board shall be as follows: (1) To adopt by-laws, rules and regulations lawful to be made which it deems necessary for the proper conduct of its affairs; (2) To conduct hearings, make investigations and determine the amount of awards or pensions to be paid any policeman, or his dependents; (3) To provide for such clerical, legal, medical and other services as it deems necessary or proper, and provide for the payment of suitable compensation for such services; (4) To provide for and require deduction from the salaries of active and paid members of the police department, and to cause the amounts deducted to be paid into its treasury as hereinafter specified for its use in the administration of its affairs; * * *

Section 7. Any member disabled on account of any natural cause or causes not originating in the performance of his official duties who becomes a disability beneficiary at any time during his first five years of service shall be entitled to receive a sum not exceeding ten per centum of his salary during the disability and an additional amount not exceeding two per centum of his salary for each additional year of service over five years, but at no time shall the amount received exceed one-half of his salary.

Section 8. If any member becomes disabled as a result of his activities in the discharge of his official duties he shall receive as pension and benefits during the disability and until such time as he would have become eligible to retirement a sum not exceeding fifty per centum of the salary he would have received had he remained uninjured and continued in the performance of his duties. Upon reaching the retirement age he shall be retired on the age and service pension provided for in section six of this act. * * *

Section 13. An appeal of right from the action of the board on any matter in which the board is given discretionary power shall lie to the circuit court of the county within whose jurisdiction the board is.

of official duties" allowed by § 7 of the act, and that he be awarded pension benefits accordingly.

In its answer the board neither admitted nor denied that Hailman was suffering from chronic glaucoma, but it did deny that claimant's condition was induced by his occupation or service as a police officer, and it also denied that he was "incapable of continuing active duty as a police officer."

The trial court heard and considered all evidence offered by claimant and the pension board, but the evidence was not transcribed or made a part of the record and none of it is before us for consideration. The final order discloses that the trial court held that chronic glaucoma of the eyes was not the type of injury or disability that would entitle claimant to retirement for disability incurred as a result of activities in the discharge of his official duties, and that petitioner had failed to prove "that he was in fact disabled." After that finding of fact, the order, by way of recital, also states that the action and judgment of the pension board denying retirement and compensation were not "arbitrary, unreasonable and capricious, which would be necessary for this Court to grant the relief prayed for."

Claimant contends:

(a) That the court erred in holding that chronic glaucoma of the eyes was not a type of disease and disability that would entitle him to retirement for disability incurred in the line of duty, and

(b) That the recital in the final order that the board's action was not arbitrary, unreasonable and capricious shows that the court did not hear the appeal *de novo,* but acted as a court of review and erroneously imposed upon claimant the duty and burden of proving that the board had acted arbitrarily, unreasonably and capriciously in denying his claim.

We are reminded that the pension act is beneficent in purpose and should be liberally construed so as to effect the legislative purpose and intent. *City of Norfolk* v. *Key,* 192 Va. 694, 66 S. E. 2d 479; 50 Am. Jur., Statutes, § 386, p. 400.

It is then argued that chronic glaucoma can be and was in this instance a disability incurred in the line of duty and retirement and pension should be granted under § 8 of the pension act. However, we need not decide whether or not disability brought about by chronic glaucoma is or can be a disability incurred in line of duty or whether the appeal of right given from the board's decision by § 13 of the act must be heard *de novo* by the court. The record and final order

show that the court considered all testimony and evidence offered by both parties and thus did in fact hear the appeal *de novo*, and upon such trial found from the evidence that claimant had failed to prove "that he was in fact disabled." Clearly upon that finding of fact, no retirement or pension under either §7 or § 8 could be granted.

Without having the evidence before us for consideration, the further recital in the final order that the denial of Hailman's claim by the board "was not arbitrary, unreasonable and capricious, which would be necessary for this court to grant the relief prayed for," does not justify rejection of the court's finding from the evidence that claimant had failed to show that he was in fact disabled.

The judgment was entered upon the evidence heard, and it is presumed to be correct, and the burden is upon claimant to show that it is erroneous. Without the evidence it cannot be said that the factual finding that claimant had not proved that he was disabled was erroneous. It necessarily follows that the judgment of the trial court must be

*Affirmed.*